**CV-09 4197**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 29 2009 ★

LONG ISLAND OFFICE

## UNITES STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

_____ X

Christine Kinkade individually
and on behalf of all others
similarly situated                                    **Plaintiffs**

-against-

Central Credit Services, Inc.                     **Defendants**

Docket No.

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

**Unlawful Debt Collection Practices**

**TRIAL BY JURY DEMANDED**

**BIANCO, J.**

_____

## I. CLASS ACTION COMPLAINT     ORENSTEIN, M.

Plaintiff, CHRISTINE KINKADE, individually and on behalf of all others

similarly situated, brings this action under the Fair Debt Collection Practices Act, 15

U.S.C. Section 1692, et seq. ("FDCPA"), for a declaration that scripted telephone

messages that the Defendant uses to collect consumer debts violates the FDCPA, and to

recover damages by reason of Defendant's violations of the Fair Debt Collections Practices

Act, (15 USC 1692 et seq). (hereinafter FDCPA), and alleges:

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C

Section 1337. Venue in this District is proper in that the Defendants transact business here

and the conduct complained of occurred here.

### III. PARTIES

2. Plaintiff, CHRISTINE KINKADE, is a citizen of the State of New York, residing in the Eastern District of New York, from whom Defendant attempted to collect a consumer debt allegedly owed to          .

3. Defendant Central Credit Services, Inc. is a foreign corporation authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

5. The alleged debt Defendant sought to collect from Plaintiff is a consumer debt, as defined by §1692a(5) of the FDCPA, in that it was originally incurred for personal, family or household purposes.

### IV.  FACTUAL ALLEGATIONS

6. At all times herein relevant, Plaintiff was and is a "consumer" as defined by 15 USC 1692a(3).

7. At all times herein relevant, Defendant was and is a "debt collector" as that term is defined by 15 USC 1692a(6).

8. Within one year preceding the date of the filing of the complaint in this action, Defendant placed numerous telephone calls to the Plaintiff and left numerous messages on the voice mail of the Plaintiff's.

9. The Defendant left constant persistent messages on the telephone voice mail of the Plaintiff.

10. None of the messages left by the Defendant on the voice mail of the Plaintiff included the notices required by 15 USC 1692e(11).

11. None of the messages left by the Defendant meaningfully identified the Defendant.

12. The Defendants used an automated machine to leave the following message on the Plaintiffs voice mail:

*This message is for Christine Kinkade. We have an important matter to discuss with you. This is not a solicitation. In order to protect your privacy a full disclosure of the nature of this call is available without you having to speak with a representative. You can access the disclosure by calling 888-866-6484. After receiving the full disclosure you will have the option to speak to one of our representatives.*

13. The Defendant left several messages for the Plaintiff that were substantially similar to the message above.

14. The messages left by the Defendant on Plaintiff's voice mail did not give the notice required by 15 USC 1692e(11).

15. The messages left by the Defendant on Plaintiff's voice mail were deceptive in that the messages attempted to deceptively induce the Plaintiff into returning the call.

16. The Plaintiff listened to the messages left by the Defendant.

17. The Defendant and/or its agents placed telephone phone calls and left messages on the voice mail of other New York consumers within one year preceding the filing of

this complaint, said messages were materially identical to automated messages left for the Plaintiff.

## V. VIOLATIONS OF THE FDCPA

18. The actions of the Defendant as described above violate 15 USC 1692 e; 15 USC 1692 e(10); 15 USC 1692 e(11); 15 USC 1692 d; 15 USC 1692d(5) and 15 USC 1692 d(6).

## VI. CLASS ALLEGATIONS

19.    Plaintiff brings the following class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and on behalf of all persons in the State of New York to whom defendant placed a telephone call and left a message substantially similar or materially identical to those left by Defendant on Plaintiff's voice mail as identified above during the one year period immediately preceding the filing of this action.

20.    The claims asserted in this case satisfy the requirements of Rule 23(a) because:

(A)    The members of the class are so numerous that joinder of all members is impractical.

(B)    There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual Class members.

(C)    The only individual issue is the identification of the consumers who received the calls (*i.e.,* the Class members), a matter capable of ministerial determination from the Defendant's records.

(D)    The Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

(E)   Plaintiff will fairly and adequately represent the Class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. Plaintiffs' interests are consistent with those of the Class members.

21.   Class action treatment is appropriate under Rule 23(b)(3) because questions of fact or law common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the Class members' claims.

22.   Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

23.   The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

24.   Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

25.   If the facts are discovered to be appropriate, Plaintiffs will seek to certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Plaintiffs asks that this Court enter judgment in his favor and on behalf of the Class, against Defendant as follows:

(A)   Certify the proposed the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and her counsel to represent the Class;

(B)   Statutory damages as provided by §1692k of the FDCPA;

(C)   Attorney's fees, litigation expenses and costs incurred in bringing this action;

(D)    Any other relief this Court deems appropriate and just under the
       circumstances.


## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.


Dated:        **West Islip, NY**
              **September 24, 2009**

                                        **Respectfully submitted,**

                                        _____
                                        **Joseph Mauro (JM: 8295)**
                                        **306 McCall Ave.**
                                        **West Islip, NY 11795**
                                        **631-669-0921**